CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 08 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HONGAN LAI, | CASE NO. 5:13CV00033 |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| | By: B. WAUGH CRIGLER |
| DEPT. OF JUSTICE, et al, | U.S. MAGISTRATE JUDGE |
| Defendants. | |

The May 14, 2013 motion to dismiss filed by one of the defendants, Ben L. Cline ("Cline"), is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for its disposition. The motion seeks dismissal for want of subject-matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. A Roseboro Notice was sent to plaintiff, and he responded, after a fashion, which will be addressed below. For the reasons that follow, the undersigned RECOMMENDS that an Order enter GRANTING the defendant's motion to dismiss and DISMISSING the defendant, Ben L. Cline, from this action.

**CASE SUMMARY**

On February 6, 2013, plaintiff filed a *pro se* complaint against the defendant, Ben L. Cline, in the United States District Court for the Eastern District of New York ("E.D.N.Y.") alleging jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. (No. 5:13cv00035, Dkt. No. 1.) Plaintiff, who is living in New York City, alleged that the defendant, a resident of

Harrisonburg, Virginia, had committed a "Violation my Constitution Right in Virginia on 2012." *Id.* On March 28, 2013, the court for the E.D.N.Y consolidated this case with three other cases plaintiff had filed and transferred them to the United States District Court for the Western District of Virginia. (No. 5:13cv00035, Dkt. No. 4.) On May 13, 2013, this court consolidated the four cases, establishing No. 5:13cv00033 as the lead case. (No. 5:13cv00033, Dkt. No. 10.)[1]

On May 14, 2013, Cline filed a motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), contending that plaintiff failed to demonstrate that this court possessed subject-matter jurisdiction, and that plaintiff's complaint failed to state a claim upon which relief could be granted. (No. 5:13cv00033, Dkt. Nos. 11, 12.) On May 24, 2013, plaintiff filed a motion to continue this action against the defendant, attaching several "counter-affidavits" purportedly in response to the defendant's motion to dismiss. (No. 5:13cv00033, Dkt. No. 17.) On May 29, 2013, the court denied plaintiff's motion to continue as premature because no trial date had been fixed and there were no proceedings pending at that time to continue.[2] (No. 5:13cv00033, Dkt. No. 18.)

On April 26, 2013, the presiding District Judge referred all dispositive motions to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to issue a Report and Recommendation as to the disposition of the motions. (No. 5:13cv00033, Dkt. No. 9.)

**MOTION TO DISMISS**

Under Fed. R. Civ. P. 12(b)(1) an action may be dismissed for "lack of subject-matter jurisdiction." Plaintiff bears the burden of demonstrating that the federal court has subject-matter jurisdiction over his claims. *See Goldsmith v. Mayor of Baltimore*, 845 F.2d 61, 63-64

---

[1] Though consolidated, some of the pleadings in No. 5:13cv00035 are not docketed in No. 5:13cv00033. Thus, were necessary, the court will refer to the cases separately.

[2] Cline was the only defendant served with process at the time he filed his motion to dismiss.

2

(4th Cir. 1988). To prove diversity jurisdiction exists, a plaintiff must show that the amount in controversy exceeds $75,000, exclusive of interest or costs, and that the case is between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; or (4) a foreign state as plaintiff and citizens of a State or of different States. 28 U.S.C. § 1332. Ordinarily, the amount in controversy is determined by the amount of the plaintiff's original claim, provided that it is made in good faith, though the case can be dismissed for want of jurisdiction where there is a legal certainty that plaintiff cannot recover that amount alleged. *See Wiggins v. North American Equitable Life Assur. Co.*, 644 F.2d 1014, 1016-1017 (4th Cir. 1981). In the end, a determination of subject matter jurisdiction is a mixed question of law and fact and can be raised at any time, even on appeal or in subsequent collateral proceedings. *See Capitol Credit Plan of Tennessee, Inc. v. Shaffer*, 912 F.2d 749, 750 (4th Cir. 1990); 28 U.S.C. § 1332..

In addition, under Fed. R. Civ. P. 12(b)(6), all or part of any action may be dismissed for "failure to state a claim upon which relief may be granted." The court must accept as true any factual allegations contained in the complaint, though it need not accept legal conclusions; and, to survive a motion to dismiss, the complaint must provide sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). Facial "plausibility" lies on a spectrum between possibility and probability, and it is established when the court is able to draw a reasonable inference that the defendant may be liable for the conduct alleged. *Id.* The complaint need not include detailed factual allegations, but the factual allegations must be more than a formulaic recitation of the elements of a cause of action and

3

must raise a plausible right to relief above the speculative level. *Id.* The court may consider evidence attached to the complaint and the motion to dismiss, so long as it is integral to the complaint and authentic.[3] *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers" and can be dismissed only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106-107 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). By the same token, the federal courts may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.C.Md. 1981); *Switzer v. Town of Stanley,* No. 5:10cv00128, 2010 WL 4961912, at *2–3 (W.D.Va. December 1, 2010).

It is within the court's discretion to consider any evidence filed outside of the pleadings, and, if the court chooses to do so, it should convert the motion to dismiss to a motion for summary judgment. *See McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010). However, a plaintiff has an absolute right to amend his or her complaint, with or without leave from the court to do so, before responsive pleadings have been filed, and, under these circumstances, a motion to dismiss is not considered a responsive pleading. *See Galustian v. Peter*, 591 F.3d 724, 729-730 (4th Cir. 2010). The court may consider new allegations and evidence in a response to a motion to dismiss as amendments to the complaint. *See Tuck v. Director*, No. 7:11cv00450, 2012 WL 2886704, * at 1 (W.D.Va. July 13, 2012).

---

[3] "As an important note that in a 12(b)(6) context, this Court should consider only that which is contained in the complaint, attached as an exhibit pursuant to Rule 10(c), a matter of public record, or a fact that has been judicially noted." *Space Technology Development Corporation v. Boeing Company*, No. 05-1671, 2006 WL 3612816, *2 (4th Cir. December 12, 2006).

4

**Subject-Matter Jurisdiction**

It is difficult for the undersigned to discern from the four corners of plaintiff's complaint exactly what claims he is asserting against Cline. The complaint alleges that plaintiff is invoking subject-matter jurisdiction based on diversity of citizenship, as plaintiff and Cline live in different states, and it seeks "punishment damage" of $250,000 for "Violation my Constitution Right in Virginia on 2012." (No. 5:13cv00035, Dkt. No. 1.) On its face, the complaint alleges that plaintiff and Cline are citizens of different states, and the amount of damages sought would be sufficient to meet jurisdictional requirements if alleged in good faith. *Id.* However, plaintiff sets forth nothing in the complaint upon which the court could begin to determine plausible entitlement to the "punitive damages" he has alleged. Furthermore, under Virginia law, except in actions of libel or slander, a plaintiff is not entitled to recover punitive damages unless he/she has proved entitlement to an award of compensatory damages, as nominal as that may be. *See Syed v. ZH Technologies, Inc.*, 280 Va. 58, 74-75 (Va. 2010); *See also People Helpers Foundation, Inc. v. City of Richmond, Va.*, 12 F.3d 1321, 1326-1327 (4th Cir. 1993).

Here, plaintiff has not alleged that he suffered any compensatory damages. Moreover, the defendant is an Assistant Commonwealth Attorney whom the plaintiff is suing for actions taken in his official capacity. (No. 5:13cv00033, Dkt. Nos. 12, at 1, 9; 17-1.) It is clear that, under Virginia law, a Commonwealth's attorney enjoys absolute immunity from monetary damages arising out of actions taken in his official capacity. *See Andrews v. Ring*, 266 Va. 311, 320-322 (2003).[4] Accordingly, on the circumstances presented, there is a legal certainty that

---

[4] Alternatively, the complaint could be construed as alleging a claim under 42 U.S.C. § 1983. However, plaintiff specifically alleges diversity jurisdiction, and the undersigned declines to construe plaintiff's complaint as alleging a 28 U.S.C. § 1331 federal question claim under 42 U.S.C. § 1983. It would be necessary for plaintiff to establish on the face of his pleading that Cline was acting under color of state law and that he had a plausible right to relief under the Constitution, laws, or treaties of the United States. 42 U.S.C. § 1983; 28 U.S.C. § 1331. This,

5

plaintiff cannot recover the amount he has claimed, plaintiff has not satisfied his burden of demonstrating that this court has subject-matter jurisdiction, and Cline's motion to dismiss for want of subject-matter jurisdiction should be granted. It is so RECOMMENDED.

**Stating a Claim upon which Relief Can Be Granted**

In the alternative, if jurisdiction has been established, based on the low standard for reviewing *pro se* complaints and the assumption that he has alleged damages in good faith, plaintiff, nonetheless, fails to state a claim upon which relief can be granted. In his original pleadings, plaintiff does not articulate what constitutional right Cline infringed or how he did so, and he did not provide a factual basis to support his damage assertions. Furthermore, even if the undersigned could determine the nature of plaintiff's claim, plaintiff has offered no facts to support it. Accordingly, plaintiff's complaint fails to state a plausible claim for relief.

As mentioned, plaintiff has filed several "counter-affidavits" attached to his motion to continue, seemingly in response to Cline's motion to dismiss. (No. 5:13cv00033, Dkt. No. 17.) This evidence is outside the pleadings, and the undersigned is not obliged to consider it on this motion to dismiss. *See McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010). However, treating the counter-affidavits as amendments to the allegations in plaintiff's complaint, he still fails to meet his burden. It seems as though plaintiff is complaining about being subpoenaed on May 2, 2012 to testify in a criminal proceeding, *Commonwealth v. Jack Lee Wright, II.* (Dkt. No. 17-1, at 1.) There also is a February 11, 2013 letter sent by Luanne L. May, Victim-Witness Assistant Director of the Office of the Commonwealth's Attorney of the City of Harrisonburg in Rockingham County, Virginia, to plaintiff. *Id.* at 2. The letter refers to the outcome of *Commonwealth v. Jack Lee Wright, II*, acknowledges that Cline was the prosecuting attorney,

---

too, he has failed to do. Moreover, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), which the defendant has cited, makes clear that prosecutorial immunity would also apply to claims under 42 U.S.C. § 1983.

6

refers to medical information that plaintiff sent to the office, and mentions that he has the option of "seeking a civil attorney for possible help with your medical expenses." *Id.* The final counter-affidavit appears to be a purchase log from Valley Tobacco to "Lai" on August 11, 2012 indentifying several goods, setting forth the amount owed and the payment received, and stating the balance remaining. *Id.* at 3.

Even taking into account these "counter-affidavits," plaintiff's pleadings do not contain factual allegations sufficient to make a plausible claim for relief under Virginia law. Plaintiff has failed to plead any causal connection between Cline's alleged conduct, his "medical expenses," and the Valley Tobacco purchase log that would entitle him to punitive damages, especially absent allegations to support a claim for compensatory damages. Moreover, and as previously established, the defendant would be entitled to absolute immunity from claims for money damages allegedly caused by action taken in his role as a Commonwealth Attorney, under which subpoenaing plaintiff would fall. Accordingly, the defendant's motion to dismiss under FRCP 12(b)(6) should be GRANTED for failure to state a claim upon which relief can be granted.

## SUMMARY

For these reasons, the undersigned RECOMMENDS that the court enter an Order GRANTING the defendant's motion to dismiss on subject-matter jurisdictional grounds or, in the alternative, because plaintiff has failed to state a claim upon which relief can be granted, and DISMISSING the defendant, Ben L. Cline, from this action.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the

undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to the plaintiff and all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

Date: July 8, 2013