CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 2 0 2013
JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HONGAN LAI, | CASE NO. 5:13CV00033 |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| | By: B. WAUGH CRIGLER |
| DEPT. OF JUSTICE, et al, | U.S. MAGISTRATE JUDGE |
| Defendants. | |

The August 5, 2013 motion to dismiss filed by defendants the Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); ATF Agents Eric and Chris Baker; the U.S. Marshalls Service; and Thomas Fischer[1] is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for its disposition. A Roseboro Notice[2] was sent to plaintiff, and he has failed to reply or otherwise challenge the defendants' motion. For the reasons that follow, the undersigned RECOMMENDS that an Order enter GRANTING the defendant's motion to dismiss and DISMISSING the defendants listed from this action. Furthermore, the undersigned RECOMMENDS that notice be sent to plaintiff affording him a date by which he is to show good cause why the case should not be dismissed for lack of service on defendant Sam.

**CASE SUMMARY**

---

[1] The defendants point out in their brief in support of their motion for summary judgment that plaintiff misspelled the name of defendant Thomas Fischer as Thomas Fisher. (Dkt. No. 28, at 1.) The Clerk of Court hereby is directed to correct the defendant's name on the caption of the case.
[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

On February 6, 2013, plaintiff, a resident of New York City, filed *pro se* complaints against the defendants, Ben L. Cline, "Dept of Justice," "ATF Agents Eric and Chris Baker," "Sam (informant)," and "U.S. Marshall and Thomas Fisher," in the United States District Court for the Eastern District of New York ("E.D.N.Y.") alleging jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. (Nos. 5:13cv00033, 5:13cv00034, 5:13cv00035.) On February 13th, plaintiff filed an additional complaint against the Department of Justice, the ATF, and "[u]ndercover ATF agents Eric and Chris Baker and informant Sam." (No. 5:13cv00036.) On March 28, 2013, the court for the E.D.N.Y consolidated the four cases and transferred them to the United States District Court for the Western District of Virginia. (No. 5:13cv00033, Dkt. No. 4.) On May 13, 2013, this court consolidated the four cases, establishing No. 5:13cv00033 as the lead case. (No. 5:13cv00033, Dkt. No. 10.)

On August 5, 2013, defendants the Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); ATF Agents Eric and Chris Baker; the U.S. Marshalls Service; and Thomas Fischer filed a motion to dismiss. (No. 5:13cv00033, Dkt. No. 27.) In their supporting brief, the defendants advance several arguments. First, they contend that the plaintiffs' allegations against the Department of Justice and the ATF are barred because agencies are not amenable to suit under a *Bivens*-type action.[3] *Id.* at 6-8. Second, the defendants argue that plaintiff has not stated a claim upon which the court can grant relief, asserting that his allegations are insufficient as a matter of law and do not rise to the level of a constitutional violation and that, regardless, the defendants are entitled to qualified immunity. *Id.* at 8-14. Third, the defendants argue that this court lacks personal jurisdiction over plaintiff's claims against the defendants in their individual capacities, and that venue is improper in this district with respect to defendant Fischer. *Id.* at 14-18. Fourth, the defendants contend that any claims against the defendants in their official capacities are barred by

---

[3] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

sovereign immunity. *Id.* at 18-20. Finally, the defendants assert that any claims for money damages arising from plaintiff's prosecution and incarceration should be dismissed pursuant to *Heck v. Humphrey*,[4] because his conviction and sentence have not been reversed or otherwise invalidated. *Id.* at 20-21.

A Roseboro notice was sent to the plaintiff on August 8, 2013. (No. 5:13cv00033, Dkt. No. 30.) The notice informed the plaintiff that he had 21 days from the date of the notice to respond to the defendants' motion to dismiss and that failure to do so could lead the court to rule that plaintiff had lost interest in the case or agreed with the motion and, thereby, dismiss the case for failure to prosecute. *Id.* Plaintiff has yet to reply.

On April 26, 2013, the presiding District Judge referred all dispositive motions to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to issue a Report and Recommendation as to the disposition of the motions. (No. 5:13cv00033, Dkt. No. 9.)

**MOTION TO DISMISS**

Federal Rule of Civil Procedure 41(b) provides that a claim may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court," and that such a dismissal "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). However, dismissal is a severe sanction that "should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Therefore, courts must consider four factors in determining whether to dismiss a claim under Rule 41(b) for failure to prosecute: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *See Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991). A court need not engage in a rigid application of this test, however, when a litigant has ignored an explicit warning

---

[4] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

that failure to comply with an order will result in the dismissal of his claim. *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989).

Here, plaintiff was given notice that his claim could be dismissed if he failed to respond to the defendants' motion within the specified period of time. The deadline to respond was September 3, 2013, and plaintiff still has not responded or otherwise sought an extension of time. The undersigned concludes that plaintiff has failed to prosecute his claims against the moving parties.

For these reasons the undersigned RECOMMENDS that the court enter an Order GRANTING the defendants' motion to dismiss and DISMISSING the defendants the Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); ATF Agents Eric and Chris Baker; the U.S. Marshalls Service; and Thomas Fischer from this action.

## SERVICE OF PROCESS ON DEFENDANT SAM

Because all motions to dismiss have or should be granted, the only remaining defendant in this case is "Sam," an otherwise unidentified informant. Plaintiff has stated that Sam was served on June 6, 2013, and, accordingly, his answer was due on August 5, 2013. (No. 5:13cv00033, Dkt. No. 21.) According to plaintiff, this defendant was served at the same address as the defendants the Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and ATF Agents Eric and Chris Baker. *Id.*; (No. 5:13cv00036, Dkt. No. 1.) Plaintiff has provided no factual details as to Sam's identity or his relationship with the government, except as an informant. No basis has been provided to support the sufficiency of service for this defendant by serving summons on the other defendants. To acquire personal jurisdiction, service must be personal. *See Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); Fed. R. Civ. P. 4. Where government employees are named defendants, service must be effectuated on the individual and on the U.S Attorney and Attorney General. *See* Fed. R. Civ. P. 4(e)(2) and (i)(3).

In this case, there simple is inadequate evidence before the court that Sam had a relationship with the other defendants that would permit him to be considered an employee. As such, service has

4

been inadequate.[5] Accordingly, under Fed. R. Civ. P. 4(m), the undersigned recommends that notice be sent to plaintiff affording him a date by which he is to show good cause why the case should not be dismissed for lack of service.[6]

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to the plaintiff and all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

9-20-2013
Date

---

[5] The other defendants point out that service likely was inadequate for them as well. (No. 5:13cv00033, Dkt. No. 28, at 14-15.)

[6] Failure to properly serve a defendant within 120 days will lead to dismissal of the claims against such defendant. See Fed. R. Civ. P. 4(m).

5